IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HILARIO RUFINO LOPEZ CHILEL, | |
| Petitioner, | **8:26CV354** |
| vs. | |
| TIM DECKER, Warden of Dakota County Jail, in their official capacity; SAM OLSON, ERO Field Office Director, ICE St. Paul, in their official capacity; TODD LYONS, Acting Director, United States Immigration Customs Enforcement, in their official capacity; MARKWAYNE MULLIN, Secretary of Homeland Security, in their official capacity; and TODD BLANCHE, Attorney General of the United States, in their official capacity; | **ORDER TO SHOW CAUSE** |
| Respondents. | |

The Petitioner seeks immediate release from the custody of the Department of Homeland Security and ICE at the Dakota County Jail in Dakota City, Nebraska. Filing No. 1. Pursuant 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts,[1]

IT IS ORDERED:

1. The Clerk of the Court shall add Assistant U.S. Attorney Christopher L. Ferretti and Assistant U.S. Attorney Eric W. Synowicki as counsel for the federal Respondents and shall, after doing so, regenerate the filing for the petition.

---

[1] Rule 1(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the clerk to serve a copy of the petition and any order on the respondents and the attorney general or any other appropriate officers.

1

2. The respondents shall, on or before **July 27, 2026**, make a return certifying the true cause and proper duration of the petitioner's detention and showing cause why the writ should not be granted.

3. The respondents' answer must include:

   a. Such affidavits and exhibits as are necessary to establish the lawfulness of the petitioner's detention in light of the issues raised in the petition;

   b. A reasoned memorandum of law and fact explaining the respondents' legal position on the petitioner's claims;

   c. The government's position on whether an evidentiary hearing should be conducted;

   d. Whether petitioner was arrested pursuant to a warrant and, if so, a copy of that warrant; and

   e. **Copies of any and all documents referenced in Respondents' responsive brief or in a supporting declaration of a deportation officer**;

4. The petitioner may reply in support of the petition on or before **August 3, 2026**.

5. The respondents are enjoined from removing the petitioner from the United States and from the District of Nebraska until further order of the Court.

If the petitioner has already been removed from Nebraska, the respondents are ordered to immediately return the petitioner to Nebraska.

Dated this 22nd day of July, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

2