IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HILARIO RUFINO LOPEZ CHILEL,

Petitioner,

vs.

TIM DECKER, Warden of Dakota County Jail, in their official capacity; SAM OLSON, ERO Field Office Director, ICE St. Paul, in their official capacity; TODD LYONS, Acting Director, United States Immigration Customs Enforcement, in their official capacity; MARKWAYNE MULLIN, Secretary of Homeland Security, in their official capacity; and TODD BLANCHE, Attorney General of the United States, in their official capacity;

Respondents.

**8:26CV354**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Hilario Rufino Lopez Chilel's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully held by Respondents without being afforded a bond determination. Because Lopez Chilel is subject to a reinstated removal order and therefore not eligible to be released on bond, the Court denies the petition.

## I. BACKGROUND

Petitioner is a native and citizen of Guatemala. Filing No. 3 at 1; Filing No. 7 at 4. He first entered the United States in 2001. Filing No. 7 at 4. He was placed in immigration proceedings and eventually signed a stipulated request for removal order and waiver of hearing in 2010. Filing No. 7-2; Filing No. 7-3. Petitioner was subsequently removed from the United States to Guatemala. Filing No. 7-4. Petitioner states he faced threats

of violence and conscription into a paramilitary patrol and returned to the United States two months later to escape the danger. Filing No. 3 at 2. Petitioner re-entered the United States without inspection in 2010 or 2011. Filing No. 7 at 5. Upon his reentry, Petitioner applied for a work permit and asylum relief using a different alien identification number than that associated with his earlier removal proceedings. *Id.* On June 27, 2026, ICE arrested Petitioner. *Id.* at 6. Respondents thereafter issued a notice of reinstatement of Petitioner's prior removal order. Filing No. 7-9. Petitioner has expressed a fear of returning to Guatemala and remains detained while Respondents afford him a reasonable fear interview. Filing No. 7 at 6.

Petitioner files for habeas corpus relief, arguing his detention is unlawful and he must be released. Filing No. 1.

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

Petitioner was previously ordered removed. The INA addresses reinstatement of removal orders as follows:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not

> eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5). Once a non-citizen has been ordered removed, "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). Where a removal order is reinstated but the alien expresses a credible fear of returning to the designated country, he may be granted withholding of removal after an interview with an asylum officer. 8 C.F.R. § 241.8(e).

Petitioner argues he was not aware of the prior removal order, Filing No. 1 at 6, but in his declaration he acknowledges that he was, in fact, deported to Guatemala in 2010, Filing No. 3 at 1. Petitioner asserts a lawyer (or possibly a non-lawyer "notario") misrepresented what had happened in his immigration proceedings and caused him to receive an in absentia removal order. Filing No. 3 at 1. While a lack of notice may provide a basis for Petitioner to challenge or reopen his prior removal order, his remedy lies with the immigration court, not the federal district court. *See* 8 U.S.C. § 1229a(b)(5)(C) (vesting the authority to rescind a removal order in the immigration judge in certain enumerated circumstances including a lack of notice). There is no evidence Petitioner's prior removal order has been rescinded. Respondents have also afforded Petitioner the process to seek withholding of removal based on his fear of returning to Guatemala, but that process does not allow for his release on bond. 8 C.F.R. § 241.8(e). At the present time, Petitioner has a valid removal order and because of such order, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). Petitioner is therefore not entitled to be released, and the Court is without authority to order any other remedy. Accordingly,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is denied.

2. The Court will enter a separate judgment.

Dated this 5th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge